IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:08-2173-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| David A. Metz; FirstPlus Finance Inc.; | ) | |
| South Carolina Department of Revenue, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Plaintiff's motion for summary judgment. The Plaintiff brought this action seeking to foreclose on David A. Metz's ("Metz") property located at 833 North Andover Drive, Walhalla, South Carolina, 29691 ("property"). For the reasons set forth below, the court grants the Plaintiff's motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff alleges that Metz is "in default under the terms of the Note and Mortgage" on the property which were provided by the Plaintiff, acting through the United States Department of Agriculture, "in the amount of $75,176.80," plus any reasonable costs charged subsequent to the filing of the motion for summary judgment. (Pl.'s Mem. Supp. Summ. J. 1-2.) The Plaintiff states that a notice of acceleration has been mailed to Metz and demand for payment has been made "without success." (Id. 2.) The Plaintiff alleges that no genuine issue of material fact exists and that it is entitled to summary judgment, including foreclosure of its mortgage, as a matter of law. (Id. 3.)

1

## II. Discussion of the Law

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). With respect to this burden, "it is the responsibility of the plaintiff, not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the defendant's summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

The Plaintiff has submitted an affidavit of default and amount due in support of summary judgment indicating that Metz "is in default under the Note and Mortgage in that

2

payments have not been made thereunder when due, and as of February 9, 2009, . . . there is due Plaintiff the amount of $75,176.80." (Pl.'s Mem. Supp. Summ. J. Ex. 1 (Aff. ¶ 6).) Metz is currently incarcerated. The court appointed a guardian ad litem ("GAL") to represent Metz's interests in this action. Neither Metz nor his GAL has responded to the Plaintiff's motion for summary judgment. In his pro se answer, Metz states that he has no income and is unable to make any payments due to his incarceration. (Metz's Pro Se Answer, generally.) Further, Metz's GAL filed an answer generally denying the allegations of the complaint on March 9, 2009. Metz fails to come forward with any evidence creating a genuine issue of material fact. Therefore, the court grants the Plaintiff's motion for summary judgment.

Therefore, it is

**ORDERED** that the Plaintiff's motion for summary judgment, docket number 17, is granted.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 1, 2009

3